UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHIN YONG KIM, JONG MIN CHOI,
MI AE CHOI and SANG SOON KIM,

                Plaintiffs,

         -against-                      **MEMORANDUM and ORDER**

GLORIA NAPOLITANO,                    16-CV-9516 (KNF)

                Defendant.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

By an order dated August 3, 2018, the Court directed plaintiff Chin Yong Kim ("Kim") to show cause why, in light of the Court's order setting a deadline of February 19, 2018, for submission of dispositive motions, his July 17, 2018 motion for summary judgment should not be dismissed as untimely.[1] On August 9, 2018, counsel to Kim, responding to the Court's order, submitted a letter stating that "our office informed all counsel of our intention to make a motion for summary judgment by email dated November 20, 2017," and, in addition, "due to the nature of how this accident occurred . . . requested that defendant [Gloria] Napolitano voluntarily discontinue the counterclaim" against Kim. Consequently, according to counsel: (a) "it should come as no surprise to any of the parties that this motion was made"; (b) the motion does not prejudice any party to the action; and (c) to "not allow the motion to be heard" would be "a waste of judicial resources, because resolution of the liability portion" of the summary judgment motion would "eliminate any need for a trial by plaintiff as to liability, and focus any trial solely on damages."

---

[1] Both the defendant in this case, through a letter dated July 26, 2018, and plaintiffs Jong Min Choi, Mi Ae Choi and Sang Soon Kim, through their July 25, 2018 opposition to Kim's motion for summary judgment, have raised with the Court the issue of the timeliness of the motion.

Respecting the matter of "the actual delay in filing the motion," counsel identifies two causes: (1) an "office calendaring problem"; and (2) "major staffing changes, that resulted in attorneys taking over multiple additional cases and paralegals tripling up attorneys" with the result that "unfortunately due to those staffing changes, some items, such as the current motion [were] significantly delayed."

Rule 16(b) of the Federal Rules of Civil Procedure provides: "A schedule may be modified only for good cause and with the judge's consent." A finding of good cause depends on the diligence of the moving party in complying with the scheduling order. See Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000). In addition, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). "At a minimum . . . both standards require a showing by the moving party of an objectively sufficient reason for extending a deadline." Corkrey v. Internal Revenue Service, 192 F.R.D. 66, 67 (N.D.N.Y. 2000).

Under the circumstances, the Court finds that Kim has not demonstrated the diligence necessary to establish good cause under Rule 16(b). Kim waited five months after the deadline fixed by the Court for filing dispositive motions in this case to file his motion for summary judgment; moreover, during that time, he failed altogether to seek an extension of the deadline for such a filing, which, had he undertaken such an effort, would have counted as a mitigating factor in the delay. That opposing counsel were informed, by an email message, four months before the deadline for filing dispositive motions, that Kim intended to file a motion for summary judgment at sometime in the future, does not militate in his favor. Similarly, the fact that Kim's counsel was required to attend to his law office's staffing and calendaring problems, while doubtless a contributing factor in

2

his failure to comply with the applicable rules and the filing deadline, does not provide sufficient

basis for a finding of good cause or excusable neglect and, therefore, fails to establish a sufficient basis for

extending the deadline in this case. As the Supreme Court explained in United States v. Locke:

> If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced. "Any less rigid standard would risk encouraging a lax attitude toward filing dates," United States v. Boyle, 469 U.S. [241,] 249, 105 S. Ct. [687,] 692. A filing deadline cannot be complied with, substantially or otherwise, by filing late– even by one day.

471 U.S. 84, 101, 105 S. Ct. 1785, 1796 (1985).

For the reasons set forth above, the Court finds that Kim failed to show cause why, in light of the Court's order setting a deadline of February 19, 2018, for submission of dispositive motions, his July 17, 2018 motion for summary judgment should not be dismissed as untimely. Accordingly, the Clerk of Court is directed to strike from the docket sheet the motion appearing at Docket Entry No. 38, the supporting document appearing at Docket Entry No. 39, and the plaintiffs' opposition to the motion, appearing at Docket Entry No. 40.

Dated: New York, New York  
       August 17, 2018

SO ORDERED:

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE